AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 19MR964
"Nunc Pro Tunc" )
Blood draw from LYNELLE KLINEKOLE, a female )
enrolled in the Mescalero Apache Indian Tribe )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
LYNELLE KLINEKOLE, a female enrolled in the Mescalero Apache Indian Tribe, Date of Birth July 12, 1966, who was located at the Lincoln County Medical Center in Ruidoso, New Mexico on the evening of July 31, 2019.

located in the _____ District of ____New Mexico____, there is now concealed *(identify the person or describe the property to be seized)*:
Two vials of blood containing a Blood Alcohol Content (BAC) or blood level of another controlled substance that is evidence of the offense of Assault Resulting in Serious Bodily Injury in Indian Country.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1151 & 1153 | Offenses Committed within Indian Country |
| 18 U.S.C. § 113(a)(6) | Assault Resulting in Serious Bodily Injury |

The application is based on these facts:
See Affidavit in Support of Warrant, which is hereby incorporated by reference.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Lisa Kite Hill, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/13/2019

*Judge's signature*

City and state: Las Cruces, New Mexico        Stephan M. Vidmar, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## ITEMS TO BE SEARCHED

The person of LYNELLE KLINEKOLE, a female enrolled in the Mescalero Apache Indian Tribe, born in 1966, who was an emergency room patient at Lincoln County Medical Center in Ruidoso, New Mexico on the evening of July 31, 2019.

## ATTACHMENT B

## ITEMS TO BE SEARCHED AND SEIZED

1. A sample of blood, consisting of two tubes, from the person of Lynelle Klinekole, a female enrolled in the Mescalero Apache Indian Tribe, born in 1966, who was an emergency room patient at Lincoln County Medical Center in Ruidoso, New Mexico on July 31, 2019.

AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

I, Lisa Kite Hill, a Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, depose and state as follows:

1. I have been employed as a Special Agent of the FBI since August of 2003. I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes, including Title 18 of the United States Code. I am currently assigned as a criminal investigator for the Albuquerque Field Office, Las Cruces Resident Agency, New Mexico. Prior to my current position, I investigated fraud, public corruption, and violent crimes against children. I am currently assigned to investigate Title 18 violations occurring on the Mescalero Indian Reservation, Otero County, New Mexico.

2. During my tenure with the FBI, I have received formal and informal training in conducting a variety of criminal investigations. I have executed, or participated in the execution of, numerous search warrants and seized evidence of these violations. I have utilized investigative techniques including, but not limited to, consensual monitoring, witness and subject interviews, and online undercover operations.

3. This affidavit is made in support of a search warrant for a blood sample from Lynelle Klinekole, born in 1966 (hereinafter "KLINEKOLE"). Information contained in this affidavit was obtained from my own investigation and information from other duly sworn police officers and does not contain all information known by me, only facts for consideration of probable cause. On July 31, 2019, at approximately 6:43 p.m., there was a motor vehicle accident on the Mescalero Apache Reservation. The accident involved two vehicles, one of which was driven by KLINEKOLE. Various witnesses observed KLINEKOLE's car cause the accident on Highway

70. I arrived on scene while EMS and fire rescue were still trying to cut her out of the vehicle. I saw them remove her from the driver's side, so I know she was the driver of the vehicle. When I approached the vehicle to take photographs, I observed beer cans on her side and beer cans on the passenger side in which her adult son had been riding. When KLINEKOLE got out of the vehicle she appeared to be inebriated. When I got to the hospital, I asked KLINEKOLE if she had been drinking. She said yes; she had only had two beers. I asked her if she would consent to a blood test to test her blood alcohol level and she refused.

4. I knew KLINEKOLE was the driver. I know that she refused consent to search her blood alcohol level. I know that there were multiple alcohol containers in the vehicle. Some of the alcohol containers were empty, and some of the unopened alcohol containers were still cold. One witness actually saw a beer can in KLINEKOLE's lap when he went to administer aid while she was still stuck in the car.

5. KLINEKOLE's adult son was riding in the front passenger seat. He is the only one of the five individuals who was released from the hospital within one hour of arrival.

6. Witnesses stated KLINEKOLE was going approximately 65 miles an hour through a stop sign when she impacted the other car. When I saw her in the hospital emergency room, her eyes appeared red to me and she was slurring her words. I believe, based upon observing people who are inebriated, that KLINEKOLE was under the influence when she pulled her vehicle in front of the other vehicle.

7. Dr. Witte, who was the Emergency Medicine physician evaluating KLINEKOLE that evening, advised me strongly to get a search warrant. When I asked him if I could obtain a correct level of her blood alcohol content from his records, via a subpoena served in the upcoming days, he stated that he would be glad to give me any of the results that he already had, but he

believed that a search warrant would stand up in court better. He stated that he thought the woman needed to be prosecuted, so he wanted to be sure that this was done the right way.

8. C.C. was evaluated in the LCMC Emergency Room and it was determined she needed emergency surgery to repair several fractures in one of her legs. LCMC personnel believed she had also fractured her pelvis and one of her hips. She was transferred to University Medical Center in El Paso that night, where surgeons repaired her leg with multiple screws and plates. UMC physicians determined her pelvis and hip were not fractured.

9. B.M. fractured his wrist. He is scheduled to undergo surgery to repair his wrist.

10. I know from other law enforcement officers that KLINEKOLE and her son are enrolled members of the Mescalero Apache Tribe. I know from C.C. (the driver of the other vehicle), that she is a member of the Navajo Nation; and that her husband and child are enrolled members of the Mescalero Apache Tribe. I know from my knowledge of the area that the location on which the motor vehicle accident took place, is within the exterior boundaries of the Mescalero Apache Indian Reservation. Under 18 U.S.C. § 1151 and § 1153, these facts give the United States jurisdiction over this violation.

11. Based on the facts contained within this affidavit, I believe probable cause exists to seize and search a sample of whole blood (via a blood draw) of Lynelle Klinekole. The aforementioned evidence in the possession of Lynelle Klinekole is material and relevant to determining whether she was under the influence of alcohol or another controlled substance, and caused the assault of C.C. and B.M.

12. I submit that probable cause exists to believe that Lynelle Klinekole committed the crime of Assault Resulting in Serious Bodily Injury in a violation of 18 U.S.C. Section 113(a)(6). I respectfully request a search warrant be issued for a blood sample of Lynelle Klinekole.

Respectfully submitted,

_____
Lisa Kite Hill
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this ___13th___ day of August 2019.

_____
The Honorable Stephan M. Vidmar
United States Magistrate Judge